IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,

    Plaintiff,

v.     CASE NO. 5:11-cv-278-MP-GRJ

SAM DENHAM, et al.,

    Defendants.

_____/

## ORDER UNSEALING CASE

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, a motion for leave to proceed as a pauper, and a motion to seal this case.  Plaintiff alleges violations of various constitutional rights in connection with his 2005 Bay County arrest and imprisonment on criminal charges.  Plaintiff's motion to seal alleges that the defendant law enforcement officers have conspired to cover up violations of his constitutional rights, and that defendants might retaliate against him for filing this case.  The Clerk opened this matter as a sealed case.

There is a "common-law right of access to judicial records." *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) ("There is no question that a common law right of access exists as to civil proceedings.")*; Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.").  This right, however, is not absolute.  *Chicago Tribune*, 263 F.3d at 1311.  The standard governing the right of access as it applies to particular documents requires the court to balance

the competing interests of confidentiality and the right of public access on a case by case basis.  *Id.* at 1312, 1313–15; *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("The interest in secrecy is weighed against the competing interests case by case."); *see also Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) ("To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure.") (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).  "[T]he party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption."  *Jaufre*, 351 F. Supp. 2d at 516 (citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)).  In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles*, 420 F.3d 301, 305–06 (3d Cir. 2005); *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).  A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.  *See Nixon*, 435 U.S. at 598.

      After conducting the balancing test described *supra*, the undersigned concludes that Plaintiff has not met his burden of demonstrating a privacy interest that outweighs the presumption of public access to court documents.  First, no court functions would

be impaired by allowing public access.  Second, this litigation clearly concerns public officials and public concerns.  Third, the nature of Plaintiff's allegations do not suggest that public access would harm Plaintiff's legitimate privacy interests.  Fourth, despite Plaintiff's conclusional allegation that he will suffer retaliation if law enforcement agencies become aware of this litigation, he has not shown that there is a likelihood of such retaliation or that the harm from such retaliation would be irreparable.

Accordingly, it is **ORDERED**:

> Plaintiff's Motion to Seal (Doc. 3) is **DENIED**, and the **Clerk** is directed to unseal this case.
>
> **DONE AND ORDERED** this 3rd day of October 2011.

> *s/ Gary R. Jones*
> GARY R. JONES
> United States Magistrate Judge